[Cite as *In re K.D.*, 2014-Ohio-278.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: | : | |
| K. D., | : | No. 13AP-607 |
| (K. D., II, | : | (C.P.C. No. 10JU-01-399) |
| Appellant). | : | (REGULAR CALENDAR) |
| | : | |
| In re: | : | |
| K. D., | : | No. 13AP-667 |
| (N. M., | : | (C.P.C. No. 10JU-01-399) |
| Appellant). | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on January 28, 2014

*Peterson, Conners, Fergus & Peer LLP,* and *Istvan Gajary*, for appellant K.D.

*John T. Ryerson*, for appellant N.M.

*Robert J. McClaren*, Franklin County Children Services, for appellee.

*Sharon Carney-Packard*, Guardian ad Litem.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1} K.D. II and N.M. are appealing from the order of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting permanent custody of K.D. to appellee Franklin County Children Services ("FCCS").

{¶ 2} K.D. II assigns three errors for our consideration:

> I. THE TRIAL COURT'S GRANT OF PERMANENT CUSTODY OF K.D. TO FRANKLIN COUNTY CHILDREN SERVICES IS NOT IN THE BEST INTERESTS OF THE CHILD AND NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT FAILED TO SUBSTANTIALLY COMPLETE HIS CASE PLAN.
>
> III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW APPELLANT AT LEAST TWELVE (12) MONTHS TO COMPLETE HIS CASE PLAN.

{¶ 3} N.M. has assigned a single error for our review:

> The Court below erred in granting the Motion for Franklin County Children Services (FCCS) for Permanent Custody, as FCCS failed to establish by clear and convincing evidence that permanent custody was in the best interest of the minor child.

{¶ 4} K.D. came to the attention of FCCS because of a variety of medical problems and because of a failure to thrive. At the time, his mother was fighting drug addiction problems. His father was in prison as the result of a felonious assault conviction.

{¶ 5} Because of her problems and her treatment of K.D., the mother was convicted of endangering children. K.D. is now five years old. He suffers from diastrophic dysplasia. Dysplasia is abnormal growth or development. Diastrophic dysplasia is an inherited dysplasia affecting bones and joints. It is commonly characterized by clubfoot, deformities of the fingers and cleft palate. It is sometimes called "diastrophic dwarfism."

{¶ 6} FCCS has had custody of K.D. since early 2010. Both parents have had contact with K.D. and apparently have bonded with their child after getting their own legal problems addressed. Both assert in this appeal that a grant of permanent custody of their son to FCCS is not in K.D.'s best interest.

{¶ 7} The trial court judge awarded permanent custody to FCCS because the judge felt K.D.'s full-time custody needs were "likely to exceed the father's abilities." Permanent Custody Judgment Entry, at 4. If the father tried and failed, another placement in foster care was seen as potentially devastating for K.D.

{¶ 8}   N.M. has not conducted herself in a way which indicates she could ever serve as a custodian for the child.  While K.D. II was incarcerated, N.M.'s care seriously endangered K.D., even to the point of his being taken to a hospital non-responsive.  Her inability to be reliable affected the trial court judge's ruling because the judge felt K.D. II would have to be solely responsible for meeting all of K.D.'s needs.

{¶ 9}   The foster mother for K.D. apparently specialized in caring for medically fragile children.  She has special training and has cared for K.D. for over three years, with the daily help of a nurse for eight hours per day.

{¶ 10} This is a case with no apparent solution.  Caring for K.D. is a full-time occupation.  The foster mother has fulfilled that role.  K.D. is very bonded both to the foster mother and to his father.  The trial judge weighed the known, the current level of care, against an unknown, namely the father's ability to care for such a medically fragile child and still maintain employment.

{¶ 11} We cannot find the trial court erred in its determination of what is in K.D.'s best interests.

{¶ 12} The assignments of error are all overruled.  The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

KLATT and BROWN, JJ., concur.

———————————